# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOTT JEROME SANTOS,<br><br>　　　　Plaintiff,<br>　v.<br>ERIC C. TAYLOR, *et al.*,<br><br>　　　　Defendants. | Case No. CV 17-07260 FMO (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, a detainee at the Twin Tower Correctional Facility in Los Angeles, California, filed a Complaint in this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in the Southern District of California. On September 29, 2017, the case was transferred to the Central District, where venue is proper. (ECF No. 2.) Plaintiff subsequently was granted leave to proceed without prepayment of the full filing fee. (ECF No. 14.) The Complaint arises from plaintiff's arrest on December 14, 2015. (ECF No. 1 at 3.) On the title page of the Complaint, plaintiff lists as defendants Eric C. Taylor, Michael Gargiulo, Dana Flaum, and Jaenelle Mims, but he does not name any defendants in the body of the Complaint. (*Id*. at 1.) Plaintiff purports to allege his first claim pursuant to the Eighth Amendment's Excessive Bail Clause, and he alleges that he posted bond four times. (*Id.* at 3.) In his second claim,

plaintiff purports to allege a claim pursuant to the Sixth Amendment pertaining to a unspecified court proceeding and the ineffective assistance of unspecified "legal counsel." (*Id.* at 4.) Plaintiff seeks compensatory and punitive damages. (*Id.* at 7.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under the PLRA, the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face."

*Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted, emphasis added).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court

3

must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Following careful review of the Complaint, the Court finds that it fails to comply with Rule 8 because it fails to state a short and plain statement of each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, its allegations appear insufficient to state any claim upon which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished

that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[1]

************

First, irrespective of his *pro se* status, if plaintiff wishes to proceed with this action, plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); L.R. 1-3. Pursuant to Fed. R. Civ. P. 10, the body of a complaint must include all defendants listed in the caption of the pleading. Here, the caption of plaintiff's Complaint lists several defendants, but the Complaint fails to name any defendant.

In addition, plaintiff purports to allege his first claim pursuant to the Eighth Amendment, and he appears to allege that he posted bail four times for one case. Plaintiff, however, does not clearly allege any dates on which he posted any bail, nor does he specify what charges his bail pertained to. Further, to the extent that plaintiff is purporting to allege that his bail was excessive, plaintiff fails to allege that any specific individual was responsible for setting an allegedly excessive bail.

In determining whether the Excessive Bail Clause has been violated, the

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Court looks to the "valid state interests bail is intended to serve for a particular individual and judge[s] whether bail conditions are excessive for the purpose of achieving those interests." *Galen v. County of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007). In order to prevail on an excessive bail claim, plaintiff must show that a judicial officer set his "bail for purposes unauthorized by California law," or that the amount of bail set was "excessive in light of the valid purposes for which it was set." *Id.* at 661. In addition, to hold a non-judicial individual responsible for an allegedly excessive bail amount, plaintiff must set forth factual allegations showing that the individual defendant "deliberately or recklessly misled" a judicial officer in connection with setting the bail. *Id.* at 663-64. Here, plaintiff's Complaint fails to set forth any factual allegations concerning the purpose for which any bail was set, or what individual was responsible for setting the bail. In order to state a federal civil rights claim against any defendant, plaintiff must meet the minimal requirement of Rule 8 that a pleading set forth sufficient factual allegations to allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). In order to proceed on any excessive bail claim, plaintiff should allege "simply, concisely, and directly [the] events" that entitle him to damages against a defendant. *Johnson*, 135 S. Ct. at 347.

In plaintiff's second claim, plaintiff purports to raise a claim against his "legal counsel" pursuant to the Sixth Amendment, but plaintiff appears to presently be detained at a correctional facility. To the extent that plaintiff is seeking to overturn a criminal conviction, a petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of . . . confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990). Thus, plaintiff may not use a civil rights action to challenge the validity of a conviction or incarceration. Such relief only is available in a habeas corpus action. In addition, to the extent that plaintiff is

6

attempting to use a civil rights action to seek monetary damages for an allegedly unlawful conviction where success would necessarily implicate the fact or duration of his conviction, his claims are not cognizable under § 1983 unless and until plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck*, if a judgment in favor of a plaintiff on a civil rights action *necessarily* will imply the invalidity of his or her conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated. *Id.*; *see also Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983."). Accordingly, "*Heck* prohibits the use of § 1983 to attack the validity of a conviction, because a recovery in the damages action would necessarily imply that the conviction was wrongfully obtained." *Furnace v. Giurbino*, 838 F.3d 1019, 1027 (9th Cir. 2016). Here, to the extent the Court can discern any potential claim, it appears that any claim plaintiff may be raising pursuant to the Sixth Amendment should be raised in a habeas action and not in a civil rights action.

Accordingly, plaintiff's Complaint both violates Rule 8 and fails to state a claim pursuant to the Sixth or Eighth Amendment because it does not set forth any specific factual allegations that any specific defendant took any action, participated in the action of another, or failed to take any action that he or she was required to do that deprived plaintiff of any right guaranteed under the Constitution or a federal statute. In order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a

constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). As the Supreme Court has made clear, plaintiff must plead "more than labels and conclusions" to show that a person named as a defendant is liable for plaintiff's alleged constitutional violations. *Twombly*, 550 U.S. at 555. If plaintiff wishes to pursue a federal civil rights claim against any specific individual, plaintiff should set forth factual allegations raising a reasonable inference that each such defendant caused a specific constitutional violation.

For these reasons, it is altogether unclear to the Court what federal civil rights claims plaintiff is purporting to raise in the Complaint and what the legal and factual basis of each of plaintiff's civil rights claims may be. The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford him the benefit of any doubt. *See, e.g., Alvarez*, 518 F.3d at 1158. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for pro se litigants"). Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-56). In its present form, it would be extremely difficult for any defendant to discern what specific facts or legal theories apply to the potential claim against him or her, and, as a result, it would be extremely difficult for each defendant to formulate applicable defenses.

The Court therefore finds that the Complaint fails to comply with Rule 8 and

fails to state a claim against any named defendant.

************

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the pleading deficiencies discussed above.** The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED: November 28, 2017

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE